# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT J. POUND,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 02-2632-CM** |
| **AIROSOL COMPANY, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On March 31, 2005, this court issued a memorandum and order granting defendants' motions to exclude the testimony of plaintiff's expert witness Constance L. Ward[1] (Doc. 286). Pending before the court is plaintiff's Motion to Reconsider and Clarify the Court's March 31, 2005 Memorandum and Order (Doc. 290).

**I.      Standard**

A party may file a motion asking a judge to reconsider an order or decision. Pursuant to Local Rule 7.3, motions seeking reconsideration of non-dispositive orders shall be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b). Additionally, "[a]ppropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."

---

[1] Ms. Ward changed her last name to Ochs during the course of her engagement with Airosol. Therefore, any references to Ms. Ward or Ms. Ochs refer to the same person. For consistency, however, the court will continue to refer to Ms. Ochs as Ms. Ward.

*Demster v. City of Lenexa, Kan.*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005) (quoting *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)). The court has discretion in deciding whether to grant a motion to reconsider. *Id.* (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997)).

**II.     Analysis**

**A.     Reconsideration of Separate Defendants' Motion for Leave to File Motion to Exclude**

On July 16, 2004, Airosol Company, Inc. ("Airosol") filed a Motion to Exclude the Expert Testimony of Ms. Ward. On March 18, 2005, more than eight months later, Chad Brown, Robyn Markland, Pro Exotics, Inc., and Pro Exotics Reptiles, Inc. ("Separate Defendants") filed a Motion for Leave to File a motion to exclude the testimony of Ms. Ward requesting that they be allowed to adopt and incorporate by reference the arguments and authorities contained in Airosol's Motion to Exclude. Separate Defendants stated that their Motion for Leave to File was late because they had believed in good faith that the request was previously filed. On March 31, 2005, the court granted Separate Defendants' Motion for Leave to File, reasoning that the interests of judicial economy warranted allowing Separate Defendants to join Airosol's Motion to Exclude.

In the instant Motion to Reconsider, plaintiff argues that Separate Defendants' request to join Airosol's Motion to Exclude failed to demonstrate good cause to file a motion out of time as required by Fed. R. Civ. P. 16(b). Separate Defendants contend that good cause was shown. Even if good cause was not shown, Separate Defendants argue, the court previously found that Ms. Ward is not qualified to testify as an expert because her testimony is of no value to the trier of fact. Therefore, the court's role as a

gatekeeper prohibits the court from finding that Ms. Ward's testimony is admissible as to one party but inadmissible as to another.

The court agrees with Separate Defendants. Even ignoring the procedural and logistical difficulties of allowing Ms. Ward to testify on behalf of plaintiff against one defendant but not others in the same jury trial, the court's overarching concern is whether Ms. Ward's expert testimony is helpful to the trier of fact. The court's March 31, 2005 Order held that Ms. Ward's expert testimony is not helpful to the trier of fact. Therefore, Ms. Ward's testimony would not be helpful to any trier of fact, regardless of which defendants' case is being tried.

**B.      Reconsideration of the Court's Order Regarding Clean Air Act Penalties**

Plaintiff also argues that the court should allow Ms. Ward to testify regarding the "economic benefit" component of the Clean Air Act penalty because this component requires that a penalty be assessed in the amount of each defendants' profits. Plaintiff argues that, while Ms. Ward is admittedly not a Clean Air Act penalty expert, Ms. Ward is an expert regarding defendants' profits earned on the unlawful sales of Black Knight. In response, defendants argue that Ms. Ward was not retained to testify about the Clean Air Act penalty phase of this litigation, Ms. Ward concedes that she is not an expert on Clean Air Act penalties, Ms. Ward did not mention Clean Air Act penalties in either her report or her deposition, and plaintiff has not articulated any legal reason for the court to reconsider its previous ruling on this subject.

The court agrees with defendants. In its March 31, 2005 Order, this court specifically held that Ms. Ward was not qualified to testify about Clean Air Act penalties:

> On March 10, 2004, this court granted plaintiff's Motion for Partial Summary
> Judgment against Airosol and Separate Defendants finding that, as a matter of
> law, these defendants' sale and distribution of Black Knight violated the Clean

-3-

> Air Act pursuant to 42 U.S.C. §§ 7413(b) and 7406(a). Accordingly, plaintiff argues that Ms. Ward can also testify as to the penalties available to plaintiff for defendants' violations of the Clean Air Act. However, the penalty provisions of the Clean Air Act involve complicated analysis of several different factors, including the "economic benefit component" and "gravity component" of the penalty for the Clean Air Act violations. *See* Clean Air Act Stationary Source Civil Penalty Policy, *available at* http://www.epa.gov/compliance/resources/policies/ civil/caa/stationary/penpol.pdf. Ms. Ward does not purport to have expertise in this area. Thus, the court is unwilling to entertain Ms. Ward as an expert in Clean Air Act penalties.

(March 31, 2005 Order at 3 n.3).

Significantly, plaintiff's request for reconsideration failed to assert a basis for this court to reconsider its March 31, 2005 Order pursuant to Local Rule 7.3; *i.e.* that the court effectuated clear error or manifest injustice. Finally, as briefly stated in its March 31, 2005 Order, the court is reluctant to assume that Ms. Ward's testimony regarding defendants' profits from the sale of Black Knight will be relevant in estimating the "economic benefit" component of the Clean Air Act penalty.[2]

**C.     Clarification Regarding the Scope of the Court's March 31, 2005 Order**

In its March 31, 2005 Order, this court granted defendants' Motion to Exclude the Expert Testimony of Ms. Ward. The introduction and concluding paragraphs of defendants' Motion to Exclude

---

[2] After cursory research regarding the calculation of a Clean Air Act penalty, the court is unconvinced that defendants' profits from the sale of Black Knight neatly and completely encompass the "economic benefit" component of the Clean Air Act penalty. For instance, an EPA memorandum entitled "Clarification of the Use of Appendix I of the Clean Air Act Stationary Source Civil Penalty Policy" states that the "economic benefit" component of a Clean Air Act penalty must be computed by considering the benefit derived from delaying costs of compliance and the benefit derived from avoiding costs, which together should be computed based on several factors and subsequently adjusted based on several additional factors. *See* http://www.epa.gov/compliance/resources/policies/ civil/caa/stationary/penpol.pdf.

sought exclusion of any testimony by Ms. Ward, but its analysis was primarily focused on excluding Ms. Ward's testimony regarding plaintiff's lost profits.  In fact, plaintiff's Response to Airosol's Motion to Exclude highlighted defendants' limited request for exclusion when it stated: "Airosol's motion seeks to exclude Ms. Ward's testimony concerning Pound's alleged lost profits and damages."  (Airosol's Resp. at 4).  The court's analysis focused solely on Ms. Ward's testimony concerning plaintiff's lost profits.  However, in concluding its analysis, the court stated that it "excludes Ms. Ward's testimony," without limiting language.  The court recognizes the need for clarification.  To avoid having "mistakenly decided issues outside those the parties presented for determination," *Demster*, 359 F. Supp. 2d at 1184, the court clarifies that its March 31, 2005 Order serves to exclude only Ms. Ward's testimony regarding plaintiff's lost profits.

Thus, the court hereby finds that Ms. Ward is not an expert regarding plaintiff's lost profits or penalties under the Clean Air Act.  Accordingly, Ms. Ward may not testify about these subjects.  However, the court will not restrict Ms. Ward from testifying about any other topics for which she has been designated and for which she qualifies as an expert at trial by laying sufficient foundation.

**IT IS THEREFORE ORDERED** that plaintiff Robert Pound's Motion to Reconsider and Clarify the Court's March 31, 2005 Memorandum and Order (Doc. 290) is denied in part and granted in part.

Dated this 18th day of May, at Kansas City, Kansas.

                                             **s/ Carlos Murguia**
                                             **CARLOS MURGUIA**
                                             **United States District Judge**