## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ROBERT J. POUND and PRO PRODUCTS, INC.,** | ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION** |
| **v.** | ) ) | **No. 02-2632-CM** |
| **AIROSOL COMPANY, INC., et al.** | ) ) | |
| **Defendants.** | ) ) | |

### MEMORANDUM AND ORDER

Pending before the court is plaintiffs' Request for Entry of Consent Judgment (Doc. 374),

Separate Defendants' Motion for Extension of Time (Doc. 377), and plaintiffs' Renewed Request for

Entry of Consent Judgment (Doc. 379).

## I.      Background

In late May 2005, plaintiffs Robert J. Pound and Pro Products, Inc. and the Pro Exotics

defendants (Chad Brown, Robyn Markland, Pro Exotics, Inc., and Pro Exotics Reptiles, Inc.) agreed

to enter into a settlement agreement on plaintiffs' remaining Clean Air Act and Lanham Act claims.[1]

The parties notified the court of this agreement on May 26, 2005 (Doc. 342).  Pursuant to the Clean

Air Act, 42 U.S.C § 7604(c), the parties' settlement agreement is contingent upon the court entering

a consent judgment.  Before the court may enter consent judgment, § 7604(c) requires the parties to

give the United States forty-five days to "submit its comments on the proposed consent judgment to

the court and parties or . . . intervene as a matter of right."  *Id.*

---

[1] This settlement does not affect the claims between plaintiffs and defendant Airosol Company, Inc.

The parties executed the Settlement Agreement and Release on July 31, 2005.[2]  It states in relevant part:

> In the event that the United States intervenes in the Lawsuit or objects to the Consent Judgment within 45 days from the receipt of a copy of the proposed Consent Judgment, this Agreement shall be voidable at the option of any Party.  In the event that the United States does not intervene in the Lawsuit, the Parties shall endeavor to have the Consent Judgment entered by the Court notwithstanding any comments that may be submitted to the Court by the United States.

(Doc. 377 Ex. A at 5).  On September 15, 2005, the Environment and Natural Resource Department of the United States Justice Department issued a Statement of Interest of the United States and Comments on Proposed Consent Decree (Doc. 377 Ex. C at 1).  The statement of interest states in relevant part:

> The United States requests that the parties strike paragraph 21 of the proposed CJ [consent judgment] as it could be misread to suggest that the United States is bound by the terms of the proposed CJ.  The United States reiterates for the record that it is not bound by any provisions of the proposed CJ.

*Id.* at 2.  Paragraph twenty-one of the proposed consent judgment states: "The United States reserves any and all legal equitable remedies available to enforce the provisions of this Consent Judgment, except as expressly stated herein."  (Doc. 374 Ex. A at 8).

On October 4, 2005, plaintiffs requested entry of consent judgment (Doc. 374).  On October 12, 2005, the Pro Exotics defendants requested an additional thirty days to respond to plaintiffs' request for entry of judgment (Doc. 377).  This motion also discusses why the Pro Exotics defendants may wish to oppose a consent judgment.  Plaintiff objected to the Pro Exotics

---

[2] Although the signatures are dated July 25, 2004, July 28, 2004, and July 31, 2004, the court assumes from the surrounding circumstances that the year was actually 2005 and that 2004 was a typographical error.

defendants' extension of time (Doc. 378) and renewed their request for the court to enter consent judgment (Doc. 379).  In a detailed response, the Pro Exotics defendants requested that the court deny plaintiffs' renewed request (Doc. 382).  The parties do not dispute the facts, but rather the interpretation of the settlement agreement, its surrounding negotiations, and the effect of the United States's statement of interest on the settlement.

**II.       Standard**

        "A settlement agreement is a type of contract and, therefore, is governed by contract law." *Ferguson v. Smith*, 63 P.3d 1119, 1121 (Kan. App. 2003) (citing *Marquis v. State Farm Fire & Cas. Co.*, 961 P.2d 1213, 1219 (Kan. 1998)).  "The intent of the parties is determined from the four corners of an unambiguous instrument, harmonizing the language therein if possible."  *Hall v. JFW, Inc.*, 893 P.2d 837, 848 (Kan. App. 1995) (citing *Brown v. Lang*, 675 P.2d 842, 843 (Kan. 1984) (other citation omitted)).  "Unambiguous contracts are enforced according to their plain, general, and common meaning in order to ensure that the parties' intentions are enforced."  *Id.* (citing *Wood River Pipeline Co. v. Willbros Energy Servs. Co.*, 738 P.2d 866, 867 (Kan. 1987)).  "'When a contract is complete, unambiguous, and free from uncertainty, parol evidence of prior or contemporaneous agreements or understandings tending to vary the terms of the contract evidenced by the writing is inadmissible.'"  *Simon v. Nat'l Farmers Org., Inc.*, 829 P.2d 884, 887-88 (Kan. 1997) (quoting *First Nat'l Bank of Hutchinson v. Kaiser*, 564 P.2d 493, 496 (Kan. 1977)).

**III.      Analysis**

**A.       The Pro Exotics Defendants' Motion for Extension of Time**

        The court finds that the Pro Exotics defendants' motion for an extension of time is unnecessary because these defendants have twice discussed the merits of their opposition to

plaintiffs' requests for consent judgment.  Additional briefing would not substantially further the court's understanding of the Pro Exotics defendants' arguments.  The court denies this motion.

**B.        Plaintiffs' Requests for Consent Judgment**

The Pro Exotics defendants argue that the United States's statement regarding paragraph twenty-one constitutes an objection to the proposed consent judgment, thereby making the settlement agreement voidable to either party.  Plaintiffs define the United States's statement as a comment and request that the court enter consent judgment, with or without paragraph twenty-one. The Pro Exotics defendants also argue that the parties intended that the entry of consent judgment would release the Pro Exotics defendants from all claims the United States might have against them, and that this understanding was a material condition of settlement.

There are two questions for the court's consideration.   First, does the United States's statement of interest constitute an objection to the parties' proposed consent judgment?  Second, did the parties intend to condition the settlement agreement on the United States releasing the Pro Exotics defendants from potential liability?  The court answers both questions in the negative.

With regard to its first question, the court finds that the plain language of the parties' settlement agreement contemplates three possible responses from the United States.  The United States could intervene or object[3] to the proposed consent judgment, in which case the settlement agreement is voidable at the option of either party, or the United States could comment on the proposed consent judgment, in which case the parties "shall endeavor to have the Consent Judgment

---

[3] Notably, the statute requiring the parties to give notice of the consent judgment to the United States, 42 U.S.C. § 7604(c)(3), limits the United States to responding by either intervening in the lawsuit or commenting on the proposed consent judgment.  The court will not consider whether the settlement agreement's express inclusion of the United States's option to object creates a third possible response.

entered by the Court *notwithstanding any comments that may be submitted to the Court by the United States*."  (Doc. 377 Ex. A at 5) (emphasis added).

The United States's statement of interest "requests" that the parties strike paragraph twenty-one.  The court finds that the plain meaning of the word "requests" is analogous to a comment because the United States did not condition its approval on whether the parities removed paragraph twenty-one.  Accordingly, the parties must abide by the settlement agreement and endeavor to have the court enter consent judgment.

With regard to its second question, the court finds that the plain meaning of the parties' settlement agreement does not address the United States's release of the Pro Exotics defendants' potential liability.  The Pro Exotics defendants point to several emails the parties exchanged before executing the settlement agreement.  These emails are only pertinent if the settlement agreement is ambiguous; "[u]nambiguous contracts are enforced according to their plain, general, and common meaning in order to ensure that the parties' intentions are enforced."  *Hall*, 893 P.2d at 848.

The court finds that the settlement agreement is unambiguous on this issue.  The settlement agreement does not mention the United States's potential claims against the Pro Exotic defendants, and only addresses the liabilities and obligations of the parties to the settlement agreement.  The United States is not a party to the settlement agreement; the United States is not listed as one of the parties to the agreement, nor is the United States given a signature line.  Moreover, the settlement agreement outlines the parties' intention to limit their agreement to the four corners of the document:

> This Agreement embodies the Parties' entire understanding respecting the settlement of the claims by and between the Parties as of the date of this Agreement.  There are no promises, terms, conditions, or obligations other than those contained in this Agreement.  This document supercedes all previous communications, representations, or agreements, either verbal or written, between the Parties.

(Doc. 377 Ex A at 6).  Because the court finds that the parties' intentions are embodied in the four corners of the unambiguous settlement agreement, the court will not consider the parties' emails or other parol evidence.  *See Simon*, 829 P.2d at 887-88.  As such, the court grants plaintiffs' motions to enter consent judgment.

Plaintiffs do not oppose the United States's request that paragraph twenty-one be removed, and the court does not believe its exclusion would prejudice the Pro Exotics defendants.  Therefore, the court will honor the United States's request and enter the parties' proposed consent judgment without paragraph twenty-one.

**IT IS THEREFORE ORDERED** that Separate Defendants' Motion for Extension of Time (Doc. 377) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Renewed Request for Entry of Consent Judgment (Doc. 379) and plaintiffs' Request for Entry of Consent Judgment (Doc. 374) are granted. The court hereby enters the attached Consent Judgment.

Dated this 29th day of June 2006, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**