IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

ROBERT J. POUND and PRO PRODUCTS, INC., )
)
    Plaintiffs, )
)
vs. ) Cause No.02-2632 CM
)
AIROSOL COMPANY, INC., CHAD BROWN, )
ROBYN MARKLAND, PRO EXOTICS, INC. )
and PRO EXOTICS REPTILES, INC., )
)
    Defendants. )

## CONSENT JUDGMENT

WHEREAS, Plaintiffs Robert J. Pound and Pro Products, Inc. ("Plaintiffs") have filed a complaint in this action alleging that Defendants Robyn Markland, Chad Brown, Pro Exotics, Inc. and Pro Exotics Reptiles, Inc. (the "Pro Exotics Defendants") violated Section 610 of the Clean Air Act, 42 U.S.C. §§7671i and certain of the regulations thereunder;

WHEREAS, the Pro Exotics Defendants own and operate a retail business located in Littleton, Colorado, which has operated under the names "Pro Exotics" and "Pro Exotics Reptiles, Inc." Defendants Chad Brown and Robyn Markland are the owner and day-to-day manager, respectively, of this business. The Pro Exotics Defendants have sold class II substances and offered class II substances for sale. These substances are listed pursuant to Section 602 of the Clean Air Act, 42 U.S.C. § 7671a, at 40 C.F.R. Pt. 82, Subpt. A, Appendix B. Section 610 of the Clean Air Act and the regulations thereunder ban the sale and distribution, and offer for sale or distribution, of class II substances in nonessential aerosol containers because these substances are known to destroy stratospheric ozone if released into the atmosphere, and thus to pose a threat to the environment and public health;

WHEREAS the class II substances sold, distributed and offered for sale or distribution by the Pro Exotics defendants were in a product known as Black Knight Roach Killer ("Black Knight"). The Pro Exotics Defendants obtained Black Knight from its Kansas manufacturer, Airosol Company, Inc. ("Airosol"). In response to the Pro Exotics Defendants' repeated inquiries, Airosol advised the Pro Exotics Defendants that Black Knight was lawful for sale, distribution and offer for sale and distribution. Airosol misrepresented to the Pro Exotics Defendants that it had an "exemption" to the class II Ban which allowed Black Knight to be lawfully sold and distributed. Thus, the Pro Exotics Defendants did not know that their sales, distribution and offers for sale or distribution of Black Knight were unlawful, rather the Pro Exotic Defendants believed that their sales of Black Knight were lawful based on Airosol's representations. Upon the issuance of a March 10, 2004 summary judgment order in the Lawsuit (which found that sales, offers for sale, distribution and offers for distribution of Black knight on or after January 1, 1994 violate the Clean Air Act), the Pro Exotics Defendants ceased the sale, distribution and offer for sale or distribution of Black Knight;

WHEREAS the Complaint against the Pro Exotics Defendants and evidence developed in this litigation evidence approximately 234 instances since 2000 that the Pro Exotics Defendants have sold class II substances. The Complaint does not allege that these sales resulted in the release of such substances into the atmosphere.

WHEREAS the Pro Exotics Defendants have agreed to discontinue selling Black Knight and any other class II controlled substances that are not subject to a valid exemption in order to facilitate their compliance with Section 610 of the Clean Air Act; and

WHEREAS the Parties recognize, and the Court by entering this Consent Judgment finds, that this Consent Judgment has been negotiated by the Parties in good faith and will avoid

additional litigation between the Parties, and that this Consent Judgment is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follow:

### I.     GENERAL

1. The objectives of this Consent Judgment are to settle the Clean Air Act claims asserted in the Complaint and to ensure the Pro Exotics Defendants' compliance with Section 610 of the Clean Air Act, 42 U.S.C. §§ 7671i and the regulations thereunder.

2. Defendants do not admit any liability arising out of the transactions or occurrences alleged in the Complaint.

### II.     JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1332, and 1335, and the Clean Air Act, 42 U.S.C. § 7401 *et seq.* pursuant to Section 304(a) of the Clean Air Act, 42 U.S.C. § 7604(a)(i) and it has found that it has jurisdiction over the Parties.

4. Venue lies in the district under 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claims are alleged to have occurred in this judicial district and because another defendant, Airosol, may be found in this judicial district. For purposes of this Consent Judgment, the Parties do not contest the Court's jurisdiction over this action or over the Parties and do not contest venue in this judicial district.

5. For purposes of this Consent Judgment, and without admission of liability, the Pro Exotics Defendants agree that the allegations of the Complaint state claims upon which relief may be granted pursuant to Section 304 of the Clean Air Act, 42 U.S.C. §7604.

6. Notice of the commencement of this action has been given to the United States Environmental Protection Agency ("EPA") Administrator, the states in which the violations alleged in the Complaint occurred and the alleged violators as required by Section 304 of the Clean Air Act, 42 U.S.C. § 7604(b).

### III. APPLICABILITY

7. The obligations of this Consent Judgment apply to and are binding upon the Parties, their agents and corporate successor and affiliates.

8. The Pro Exotics Defendants shall be jointly and severally liable for compliance with this Consent Judgment and for any interest and costs that accrue under this Consent Judgment.

### IV. DEFINITIONS

9. Unless otherwise expressly provided herein, terms used in this Consent Judgment which are defined in the Clean Air act or in regulations promulgated pursuant to the Clean Air Act, shall have the meaning assigned to them in the Clean Air Act and such regulations. Whenever the terms set forth below are used in this Consent Judgment, the following definitions shall apply:

   a. "Class II" substances shall mean those substances that are listed by EPA pursuant to Section 602 of the Clean Air Act, U.S.C. § 7671(a) (currently listed at 40 C.F.R. part 82, Subpart A, Appendix B) or that may be so listed at anytime while the Consent Judgment is in effect;

   b. "Complaint" shall mean the complaint filed by the Plaintiffs in this action;

   c. "Consent Judgment" shall mean this document;

   d. "Day" shall mean a calendar day unless expressly stated to be a working day. In

computing any period of time under this Consent Judgment, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day;

e. "Effective Date" shall mean the date of entry of this Consent Judgment by the Court;

f. "EPA" shall mean the United States Environmental Protection Agency and any successor departments or agencies of the United States;

g. "Paragraph" shall mean a portion of this Consent Judgment identified by an arabic numeral;

h. "Parties" shall mean Plaintiffs and the Pro Exotics Defendants;

i. "Plaintiffs" shall mean Robert J. Pound and Pro Products, Inc.

j. "Pro Exotics Defendants" shall mean Robyn Markland, Chad Brown, Pro Exotics, Inc. and Pro Exotics Reptiles, Inc.;

k. "Section" shall mean a portion of this Consent Judgment identified by a roman numeral;

l. To "distribute" or "sell" shall mean to distribute, sell, offer for sale, hold for distribution, hold for sale, hold for shipment, ship, deliver for shipment, release for shipment, deliver, offer to deliver, loan, give, or otherwise transfer ownership of; and

m. "United States" shall mean the EPA, acting on behalf of the United States of America.

## V. COMPLIANCE REQUIREMENTS

10. Upon entry of this Consent Judgment and thereafter, the Pro Exotics Defendants shall not sell or distribute Black Knight or any class II substance not subject to a valid exemption.

11. The Pro Exotics Defendants shall maintain continuous compliance with all provisions of Section 610 of the Clean Air Act, 42 U.S.C. § 7671i *et seq.* and the regulations promulgated thereunder.

## VI. DISPUTE RESOLUTION

12. Unless otherwise expressly provided for in this Consent Judgment, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Judgment. However, such procedures shall not apply to actions by the United States to enforce obligations of this Consent Judgment that the Pro Exotics Defendants have not disputed in accordance with this Section.

13. <u>Informal Dispute Resolution</u>. Any dispute that arises under or with respect to this Consent Judgment shall first be the subject of informal negotiations. The period of informal negotiations shall not exceed thirty (30) days from the time the Pro Exotics Defendants send the United States a written Notice of Dispute in accordance with Section VIII of this Consent Judgment (Notices), unless that period is modified by written agreement. Such Notice of Dispute shall state clearly the matter in dispute.

14. <u>Formal Dispute Resolution</u>. If the Parties are unable to agree upon any standard, requirement, procedure or other matter that arises under this Consent Judgment, or if a dispute should arise regarding implementation of the requirements of this Consent Judgment, any party to this Consent Judgment may file a petition with the Court for resolution of the dispute. Such

petition must be filed within thirty (30) days after the conclusion of the informal negotiation period described in the preceding paragraph. The Petition shall set forth the nature of the dispute and shall include a proposal for its resolution. The non-petitioning party shall have thirty (30) days from the date of receipt of such Petition within which to file a response with an alternative proposal for resolution of the dispute.

15. The invocation of dispute resolution procedures under this Section shall not extend, postpone, or affect in any way any obligation of the Pro Exotics Defendants under this Consent Judgment not directly in dispute, unless the United States or the Court agrees otherwise.

## VII. EFFECT OF SETTLEMENT AND RESERVATION OF RIGHTS

16. This Consent Judgment resolves the civil claims of the Plaintiffs based on the factual allegations alleged in the Complaint filed in this action regarding the Pro Exotics Defendants' sales of class II substances. Subject to the performance of the requirements of this Consent Judgment by the Pro Exotics Defendants, the Plaintiffs hereby release and covenant not to sue the Pro Exotics Defendants for any and all civil liability to the United States for any sale of class II substances in violation of Section 610 of the Clean Air Act at any time before the entry of this Consent Judgment.

17. The Pro Exotics Defendants' compliance with this Consent Judgment shall be no defense to any action commended pursuant to any laws, regulations, or permits.

18. This Consent Judgment does not limit or affect the rights of the Parties against any third parties, not party to this Consent Judgment, nor does it limit the rights of third parties, not party to this Consent Judgment, against the Parties, except as otherwise provided by law.

19. This Consent Judgment shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Judgment.

20. This Consent Judgment does not limit any defenses that the Pro Exotics Defendants, or any of them, may have to any actions against them by the United States or third parties except as is provided by Section II above (Jurisdiction and Venue) or in an action brought by the Plaintiffs or the United States to enforce this Consent Judgment.

21. ~~The United States reserves any and all legal equitable remedies available to enforce the provisions of this Consent Judgment, except as expressly stated herein~~. [PARAGRAPH INTENTIONALLY OMITTED]

### VIII.  NOTICES

22. Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Judgment, they shall be made in writing and addressed as follows:

To the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Box 7611 Ben Franklin Station
Washington, D.C. 20044-7611

To EPA:
William A. Spratlin,
Director, Air, RCRA, and Toxics
Division, EPA, Region VII,
901 North 5th Street,
Kansas City, KS  66101


To the Pro Exotics Defendants:
Pro Exotics, Inc.
6572 S. Broadway
Littleton, CO  80121

   **and**

c/o Richmond M. Enochs
Wallace, Sanders, Austin, Brown & Enochs, Chartered
10111 W. 87th St.
Overland Park, KS 66282

To the Plaintiffs:
Robert J. Pound
ProProducts, Inc.
36 Split Rock Road
Mahopac, NY  10541

**and**

c/o Brett E. Nelson
Plews Shadley Racher & Braun
1346 North Delaware Street
Indianapolis, IN  46202-2415

23. Notices submitted pursuant to this Section shall be deemed effective upon mailing, unless otherwise provided in this Consent Judgment or by mutual agreement of the Parties in writing.

## IX.   RETENTION OF JURISDICTION

24. The Court shall retain jurisdiction of this case for the purpose of enabling any of the Parties to apply to the Court for such further order, direction, or relief as may be necessary or appropriate for the construction or modification of this Consent Judgment, or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with Section VI of this Judgment (Dispute Resolution).

## X.   MODIFICATION

25. The terms of this Consent Judgment may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to any term of this Consent Judgment, it shall be effective only upon approval by the Court.

## XI. SIGNATURE/SERVICE

26. Each undersigned representative of the Pro Exotics Defendants and the Plaintiffs certify that he is fully authorized to enter into the terms and conditions of this Consent Judgment and to execute and legally bind the Party he represents to this document.

27. This Consent Judgment may be signed in counterparts, and such counterpart signature pages shall be given full force and effect.

28. The Pro Exotics Defendants hereby agree not to oppose entry of this Consent Judgment by the Court or to challenge any provision of the Judgment, unless the Plaintiffs or the United States have notified the Pro Exotics Defendants in writing that they no longer support entry of the Consent Judgment.

29. The Pro Exotics Defendants hereby agree, for a period of five years from the entry of the Consent Judgment, to accept service of process by certified mail with respect to all matters arising under or relating to this Consent Judgment and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XII. FINAL JUDGMENT

30. Upon approval and entry of this Consent Judgment by the Court, this Consent Judgment shall constitute a final judgment between the Plaintiffs and the Pro Exotics Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

Dated and entered this __29th__ day of __June__, ~~2005~~ 2006.

_____s/ Carlos Murguia_____
Honorable Carlos Murguia
UNITED STATES DISTRICT JUDGE
District of Kansas

**Pro Exotics, Inc.**

By:_____

Its:_____

Date: July ___, 2005

**Pro Products, Inc.**

By: _Robert J. Pound_

Its: _President_

Date: July 25, 2005

**Pro Exotics Reptiles, Inc.**

By:_____

Its:_____

Date: July ___, 2005

**Robert J. Pound**

_/s/_

Date: July 25, 2005

**Chad Brown**

_____

Date: July ___, 2005

**Robyn Markland**

_____

Date: July ___, 2005

11

Dated and entered this _____ day of _____, 2005

                                                                    _____
                                                                    Honorable Carlos Murguia
                                                                    UNITED STATES DISTRICT JUDGE
                                                                    District of Kansas

**Pro Exotics, Inc.**                                **Pro Products, Inc.**

By: *[signature]*                                    By: _____

Its: Sec.                                            Its: _____

Date: July 31, 2005                                  Date: July ___, 2005


**Pro Exotics Reptiles, Inc.**                       **Robert J. Pound**

By: *[signature]*                                    _____

Its: Sec                                             Date: July ___, 2005

Date: July 31, 2005

**Chad Brown**

*[signature]*

Date: July 28, 2005

**Robyn Markland**

*[signature]*

Date: July 31, 2005

11